IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHEILA CARPENTER, )
 )
       Plaintiff, )
 )
vs. ) Case No. 13-cv-409-TLW
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
       Defendant. )

## OPINION AND ORDER

Plaintiff Sheila Carpenter seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 10). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the

evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a forty-eight year old female, applied for Title XVI benefits on May 26, 2010, alleging a disability onset date of December 1, 1999, which her attorney amended to May 26, 2010 during the hearing. (R. 41, 133-36). Plaintiff alleged that she was unable to work due to "[d]epression, schizophrenia, [and] bipolar." (R. 151). Plaintiff's claims for benefits were denied initially on August 26, 2010, and on reconsideration on December 20, 2010. (R. 78-80). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a hearing on November 16, 2011. (R. 37-77). The ALJ issued a decision on December 29, 2011, denying benefits and finding plaintiff not disabled. (R. 12-32). The Appeals Council denied review, and plaintiff appealed. (R. 1-5; Dkt. 2).

**The ALJ's Decision**

The ALJ found that plaintiff had not engaged in any substantial gainful activity since May 26, 2010, her application date. (R. 17). The ALJ determined that plaintiff had the following severe impairments: "diabetes mellitus; obesity; [and] bipolar disorder." Id. The ALJ found plaintiff's knee impairments were "non-severe," although he acknowledged an MRI showing a medial meniscal tear. (R. 17-18). Plaintiff did not meet or medically equal a listing. (R. 18-22). Applying the "paragraph B" criteria to plaintiff's mental impairments, the ALJ concluded that plaintiff had moderate difficulties in activities of daily living; social functioning; and concentration, persistence, and pace; and "one to two episodes of decompensation." (R. 19-21).

2

The ALJ then reviewed the medical evidence and the testimony from the ALJ hearing to determine plaintiff's residual functional capacity. (R. 22-30). The ALJ concluded that plaintiff was able to perform light work with the following restrictions: (1) plaintiff was able to adapt to unskilled labor; (2) plaintiff was to have only minimal contact with "the public or others"; and (3) plaintiff was able to understand and carry out simple instructions. (R. 22). With those limitations, plaintiff was unable to return to any of her past relevant work. (R. 30). Relying on the vocational expert's testimony, the ALJ found that plaintiff could perform other work, such as a housekeeping cleaner, a janitor, a bottling line attendant, and a bakery racker. (R. 31). Accordingly, the ALJ found plaintiff not disabled.

## ANALYSIS

On appeal, plaintiff raises three points of error. (Dkt. 21). First, plaintiff argues that the ALJ improperly considered her medical source opinions. Id. Second, plaintiff argues that the ALJ failed to properly assess plaintiff's credibility. Id. Finally, plaintiff contends that the ALJ failed to consider all of plaintiff's impairments when assessing her residual functional capacity. Id. The Commissioner argues that the ALJ "accounted for [p]laintiff's credible physical limitations by limiting her to light work," including her allegations of knee pain and obesity. (Dkt. 22 at 12).

The Court has carefully read the briefs and the entire administrative record. After reviewing the applicable case law and regulations, the Court finds that plaintiff's allegations of error do not warrant reversal, except for plaintiff's claim that the ALJ erred in considering plaintiff's obesity as part of the residual functional capacity assessment. Specifically, the Court finds merit in plaintiff's contention that the ALJ failed to limit, exertionally, her RFC to "the

performance of less than the full range of light work" to accommodate her obesity and knee pain, after stating in the RFC discussion that he did so. (Dkt. 21 at 13).

At step two, the ALJ must determine whether the claimant has an "impairment or combination of impairments which significantly limits [his] ... ability to do basic work activities." 20 C.F.R. § 416.920(c). This step requires only a *de minimis* showing of impairment. See Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997) (citing Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)). However, the claimant must show more than the mere presence of a condition or ailment. See Bowen v. Yuckert, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (holding that step two designed to identify, "at an early stage," those slight impairments that would be unlikely to result in a finding of disability even if age, education, and experience were considered). The burden of proof is on the claimant to "make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities. . . ." Williams, 844 F.2d at 751. Unless the claimant makes a *de minimis* showing of medical severity, the evaluation process ends and the claimant is determined not disabled. See id.

At step four, the ALJ must determine plaintiff's residual functional capacity, which reflects the most a claimant can do despite his limitations. See 20 C.F.R. § 416.945(a)(1); SSR 96-8p. The ALJ must consider all of a claimant's medically determinable impairments, whether they are severe or not severe. See 20 C.F.R. § 416.945(a)(2). The Tenth Circuit has held that "failure to consider all of the impairments is reversible error." Salazar v. Barnhart, 468 F.3d 615, 621 (10th Cir. 2006). The residual functional capacity findings "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts

(e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p.

The ALJ identified plaintiff's "obesity" as a severe impairment at step two. At step four, the ALJ set out the regulation concerning obesity (SSR-02-1P) and noted that he gave plaintiff's obesity "due consideration" in the formulation of her RFC by "limiting [her] to the performance of less than the full range of light work." (R. 24). However, the ALJ failed to identify any physical limitations that he incorporated into plaintiff's RFC for the purpose of "limiting [her] to the performance of <u>less than the full range of light work</u>." (emphasis added).

The RFC limits plaintiff to "light work" with three restrictions: (1) that plaintiff is able to adapt to unskilled labor; (2) that plaintiff is to have only minimal contact with "the public or others"; and (3) that plaintiff is able to understand and carry out only simple instructions. (R. 22). Although these limitations result in an RFC that allows less than light work, none of them appear to address plaintiff's knee pain or obesity. Rather, the limitations focus on plaintiff's mental health issues. (R. 23-30).

Any explanation of the impact of plaintiff's obesity on her residual functional capacity is either absent or unclear; therefore, the Court must remand this case so that the ALJ can include a limitation in plaintiff's RFC that accounts for plaintiff's knee pain.[1] <u>See, e.g., Timmons v. Barnhart</u>, 118 Fed.Appx. 349, 353 (10th Cir. 2004) (unpublished)[2] (reversing and remanding where an ALJ did not include any limitations at step five for a severe impairment because "[a]t the very least, the ALJ should have explained how a 'severe' impairment at step two became

---

[1] The Court notes that the Commissioner did not address plaintiff's argument that the ALJ specifically stated in his RFC discussion that he had "given due consideration to the claimant's obesity in assessing the claimant's residual functional capacity and, in this case, limiting the claimant to the performance of less than the full range of light work." (R. 24).

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

5

'insignificant' at step five."). The Court is not suggesting that such a limitation will render plaintiff disabled. That decision is left to the ALJ.

## **CONCLUSION**

For the reasons stated above, the decision of the Commissioner finding plaintiff not disabled is **REVERSED AND REMANDED** for further proceedings.

On remand, the ALJ should explain the link between the evidence and his specific residual functional capacity findings as they relate to plaintiff's obesity and knee pain. Or, the ALJ should include an additional limitation in his RFC that provides such a link.

SO ORDERED this 11th day of September, 2014.

T. Lane Wilson
United States Magistrate Judge